UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RESTAURANT.COM, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2978 |
| | ) | |
| | ) | Hon. Judge Aspen |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| STEVE SAVAD, | ) | |
| | ) | |
| Defendant. | ) | |

**RESTAURANT.COM'S RESPONSE IN OPPOSITION TO
SAVAD'S MOTION TO DISMISS**

In moving to dismiss Restaurant.com's Complaint under Fed. R. Civ. P. 12(b)(6), Savad first argues that his **attempts** to hire away Restaurant.com's employees did not violate the restrictive covenant he voluntarily executed in 2001 with Restaurant.com. Incredibly, Savad takes the position that any conduct on his part **leading up to and until** he successfully induces Restaurant.com's employees into coming to work for his new company is acceptable because the restrictive covenant only prohibits Savad from "hiring" Restaurant.com employees. But the covenant in Savad's Employment Agreement prohibits a great deal more than "hiring;" it also prohibits Savad from "enticing away" or "persuading" Restaurant.com employees to leave Restaurant.com. Accordingly, Restaurant.com's allegations in its Complaint are well pled, and Savad's motion must fail.

Savad's second argument is that even if his conduct violates the restrictive covenant, the covenant is *per se* unenforceable. This argument also fails because Illinois law – whether applied by the state or federal courts – has long recognized employers' legitimate business interesting in protecting a stable work force and confidential information. The restrictive

covenant at issue here serves both those important interests, and thus is enforceable. Even if it weren't, the inquiry into enforceability is not the proper subject for a motion dismiss. Accordingly, Savad's motion fails for this reason as well.

I.   **SAVAD'S ARGUMENT ABOUT IMPROPER SERVICE IS MOOT.**

Originally, Savad's first ground in his motion to dismiss was that he had not been properly served under Illinois rules. (Savad Motion to Dismiss ("Mot.") at 2-3) Counsel for both parties conferred on this issue on June 12, 2008, and Savad's counsel has now agreed to accept service on Savad's behalf. (*See* June 12, 2008 letter from T. Wolfinger, attached as Exhibit A) Accordingly, the question of this Court's jurisdiction over Savad with respect to service of process is moot.

II.  **SAVAD'S RESTRICTIVE COVENANT EXPRESSLY PROHIBITS SAVAD FROM SOLICITING RESTAURANT.COM EMPLOYEES.**

Savad first argues that Restaurant.com's Complaint should be dismissed because the restriction in Savad's Employment Agreement purportedly prohibits only "hiring" Restaurant.com employees, and not "mere solicitation" of those employees. (Mot. at 3-5)

As a preliminary matter, the notion that someone prohibited from "hiring" his former employer's employees may nevertheless do everything he can to induce those employees to join his new firm **up to and until** "hiring" is absurd. Savad argues, citing no authority whatsoever, that he would not violate his restrictive covenant as a matter of law by **attempting** to hire Restaurant.com employees, but would only be in breach at the moment he was successful in doing so. This is an illogical reading of the prohibition against "hiring," even if it were the only prohibition in his restrictive covenant, which it is not.

At any rate, what Savad's motion ignores is what ultimately defeats his request for dismissal – namely, that the express language of the restrictive covenant not only prohibits

"hiring," but also prohibits Savad from "entic[ing] away or in any other manner persuad[ing]" any Restaurant.com employee from leaving Restaurant.com. (Complaint ("Compl.") Ex. A ¶ 7(c)) It is well settled that, when construing a contract under Illinois law, courts must examine the contract **as a whole**, giving effect to the extent possible to all provisions in order to interpret the contract according to its plain, ordinary and popular meaning. *Bourke v. Dunn & Bradstreet Corp.*, 159 F.3d 1032, 1038 (7th Cir. 1998) (emphasis added); *see also Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 979 (N.D. Ill. 2008) (denying motion to dismiss and holding that in interpreting a contract, a court must look to the contract's plain language; the meaning of the contract must be determined from the words or language used; and a court cannot place a construction on the contract which is contrary to the plain and obvious meaning of the language); *Buenz v. Frontline Transportation Co.*, 227 Ill.2d 302, 308, 882 N.E.2d 525, 529 (2008) ("Where the contract language is unambiguous, it should be given its plain and ordinary meaning.")

Moreover, Savad's cherry picking the isolated word "hire" from his restrictive covenant -- while ignoring the rest of the provision prohibiting him from "entic[ing] away or in any other manner persuad[ing]" any Restaurant.com employees to leave Restaurant.com – is entirely improper for purposes of interpreting the covenant. *See Midwest Generation, L.L.C. v. Carbon Processing and Reclamation, L.L.C.*, 445 F. Supp. 2d 928, 932 (N.D. Ill. 2006) (holding that "interpretation of each provision of a contract is to be done in light of the other provisions of the contract and is not to be determined by reference to particular words or isolated phrases.") (citations omitted); *Martindell v. Lake Shore Nat. Bank*, 15 Ill.2d 272, 283 (1958) ("The intention of the parties is not to be gathered from detached portions of a contract or from any clause or provision standing by itself, but each part of the instrument should be viewed in the light of the other parts.")

While the word "hire" in Savad's restrictive covenant may only prohibit Savad from actually hiring Restaurant.com employees, the inclusion of "entice away or in any other manner persuade" certainly prohibits Savad from soliciting or attempting to hire those employees as well. Merriam-Webster defines "entice" as meaning "to attract artfully or adroitly or by arousing hope or desire." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY, 387 (Frederick Mish, et al, 10th Ed. 1996). The dictionary also defines "persuade" as meaning "to move by argument, **entreaty**, or expostulation to a belief, position or course of action." *Id.* at 868 (emphasis added). And Roget's Thesaurus lists synonyms for "solicit" – the term Restaurant.com pled in its Complaint -- as including: "accost," "approach," "beg," "beseech," "**entreat**," "hit up," "implore," "petition," "proposition," "seduce," among others. ROGET'S 21ST CENTURY THESAURUS, 672 (Princeton Language Inst., B. Kipfer, ed., 1993) (emphasis added)

Based on the plain language above, Restaurant.com adequately pled breach of Savad's restrictive covenant. Restaurant.com alleged in its Complaint that Savad "improperly personally solicited at least two of its employees." (Compl. ¶ 14) The fact that the term "solicit" does not appear in Savad's restrictive covenant does not defeat the claim. As demonstrated above, the covenant **does** include "entice away or in any other manner persuade," additional language that plainly is synonymous with the term "solicit" as pled in the Complaint.

Restaurant.com does not have to wait until Savad is successful in his attempts to breach the plain language of his restrictive covenant before it may obtain injunctive relief. *In re Marriage of Weber*, 182 Ill.App.3d 212, 220, 537 N.E.2d 1024, 1029 (1st Dist. 1989) (affirming issuance of preliminary injunction to prevent husband from terminating wife's interest in family owned business and holding that "[a] party seeking an injunction need not wait until an injury occurs.") Because the allegations in Restaurant.com's Complaint adequately set forth Savad's

4

efforts to steal away Restaurant.com employees in March 2008 – whether Savad was successful or not – Savad's motion should be denied.

III. **THE RESTRICTIVE COVENANT AT ISSUE IS ENFORCEABLE BECAUSE IT PROTECTS RESTAURANT.COM'S LEGITIMATE BUSINESS INTERESTS.**

In his second argument, Savad argues that his covenant with Restaurant.com is *per se* illegal, asserting that "non-recruitment covenants constitute an invalid restraint on trade and are unenforceable under Illinois law." (Mot. at 5) On the contrary, Illinois law holds that such covenants are in fact enforceable if they protect a legitimate business interest. *Outsource Intern., Inc. v. Barton*, 192 F.3d 662, 666 (7th Cir. 1999), citing *Office Mates 5, North Shore, Inc. v. Hazen*, 234 Ill.App.3d 557, 558, 599 N.E.2d 1072, 1080 (1st Dist. 1992).

As explained in more detail below, Restaurant.com adequately alleged that the restrictive covenant at issue here is necessary to protect its legitimate business interests. As such, the covenant is enforceable, and Restaurant.com adequately pled its claim of breach. Further, even if there is a question of enforceability, a motion to dismiss certainly is not the proper procedure for addressing it. It is well settled under Illinois law that the determination of whether such a covenant is reasonably necessary is a fact-intensive inquiry that is inappropriate for a motion to dismiss.

A. **A Non-Recruitment Covenant is Enforceable When Reasonably Necessary to Protect a Legitimate Business Interest.**

Contrary to Savad's assertion, non-recruitment covenants such as the one at bar do not "constitute an invalid restraint on trade [that] are unenforceable under Illinois law" (Mot. at 5), and neither of the cases cited by Savad support such a conclusion. First, although it is true that the court in *Unisource Worldwide, Inc. v. Carrarra*, 244 F. Supp. 2d 977, 983 (C.D. Ill. 2003) held that "the only two 'legitimate business interests' that may give rise to a covenant not to

5

compete in Illinois are 'near permanent' relationships with customers, and confidential information or trade secrets", the *Unisource* court did not hold that a non-recruitment covenant could never fall into either category as Savad suggests. (Savad Memo at 5) Rather, the *Unisource* court rejected the holding of *Arpac Corp. v. Murray*, 226 Ill. App. 3d 65, 589 N.E.2d 640 (Ill. App. Ct. 1992), cited by Unisource in support of its restrictive covenant, that an employer has a legitimate business interest in maintaining a stable work force. *Unisource*, 244 F. Supp. 2d at 983. The *Unisource* court never considered whether the non-recruitment covenant might reasonably protect one of the two legitimate business interests it did recognize. *Id.*

The only other case cited by Savad in support of his claim that a non-recruitment covenant is unenforceable as a matter of law, *YCA, LLC. v. Berry*, No. 03 C 3116, 2004 WL 1093385 (N.D. Ill. May 7, 2004), actually holds the opposite. In *YCA*, the court, in an effort to harmonize the holdings of *Unisource* and *Arpac* held, "**Illinois law declares a covenant not to recruit enforceable**, to the extent that it supports the employer's legitimate business interest in guarding his confidential information from potential competitors." *Id.* at *17 (emphasis added) (reforming an overbroad non-recruitment covenant on summary judgment so that it was enforceable). Restaurant.com did allege in its Complaint this very same legitimate business interest recognized by both the *Unisource* and *YCA* courts – the need to protect confidential business information. (Compl. ¶¶ 26-7)

Further, in addition to the legitimate business interests of protecting (1) near permanent relationships with customers and (2) confidential information or trade secrets, the Appellate Court of Illinois in *Arpac* recognized an "interest in maintaining a stable work force" and upheld a non-recruitment covenant that "was reasonably calculated" to protect this interest. *Arpac*, 226 Ill. App. 3d at 76, 589 N. E. 2d at 650. Savad chooses to all but ignore *Arpac*, relegating

6

discussion of this decision to a footnote and suggesting that the Court should disregard this decision because this "state appellate court case is not binding on this Court and neither of the federal cases [cited by Savad] adopted its holding." (Mot. at 7, n. 1) However, as the Seventh Circuit has noted, when sitting in diversity and applying Illinois law "[w]here the Illinois Supreme Court has not ruled on an issue, **decisions of the Illinois Appellate courts control**, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Allen v. Transamerica Ins. Co.*, 128 F. 3d 462, 466 (7th Cir. 1997) (emphasis added) see also, *Maher v. Harris Trust and Savings Bank*, 506 G. 3d 560, 562 (7th Cir. 2007) (same). Here, the Supreme Court of Illinois has not ruled on the general applicability of non-recruitment covenants or whether an employer's interest in maintaining a stable work force is the type of legitimate business interest that such a covenant can be designed to protect. Therefore, in the absence of "persuasive indications the Illinois Supreme Court would decide the issue differently," the holding of *Arpac* is controlling, and Savad's non-recruitment covenant is clearly enforceable. *Allen*, 128 F. 3d at 466.

Moreover, courts of the Northern District have cited *Arpac* with approval. In *Malone v. CORT Furniture Corp.*, 2002 WL 1874819 (N.D. Ill. Aug. 13, 2002), Judge Zagel granted defendant employer a temporary restraining order against its former employee and held that the employee's contractual prohibition from soliciting or hiring current or former employees of defendant employer was likely enforceable because defendant employer, "as a small company where many of its employees perform key functions, has a legitimate business interest in maintaining a stable work force." *Id*. at * 1, citing *Arpac*.

Given the holdings of *YCA*, *Arpac* and *Malone*, Savad cannot credibly argue that non-recruitment covenants are *per se* unenforceable under Illinois law such that dismissal would be appropriate.

### B.     Restaurant.com Adequately Stated a Claim for Breach.

When considering a motion to dismiss under Rule 12(b)(6), a court "must assume the truth of all well-pleaded factual allegations, making all possible inferences in the plaintiff's favor." *Automed Technologies, Inc. v. Eller*, 160 F. Supp. 2d 915, 920 (N.D. Ill. 2001) (denying motion to dismiss as to enforceability of restrictive covenants). As stated above, a non-recruitment covenant is enforceable if it is reasonably calculated to protect an employer's legitimate business interests, such as protecting its confidential information or maintaining a stable work force. *YCA*, 2004 WL 1093385 at *17; *Arpac*, 226 Ill. App. 3d at 76, 589 N. E. 2d at 650. Restaurant.com has adequately alleged that the restrictive covenant at issue here was designed, in part, to protect its confidential information and its relationships with its employees; that Savad and the employees he solicited for hire had access to confidential information, including information about Restaurant.com employees; and that he breached the Employment Agreement by soliciting Restaurant.com employees. (*See, e.g.* Compl. ¶¶ 4-7, 13-19, 26-7) Here, Restaurant.com's well-pleaded factual allegations clearly state a claim for breach of the non-recruitment covenant of Savad's Employment Agreement, and Savad's motion should be denied.

### C.     Whether the Non-Recruitment Covenant at Issue Reasonably Protects a Legitimate Business Interest is a Factual Determination that is Not Appropriate for a Motion to Dismiss.

Further, "when assessing the reasonableness of restrictive covenants, [courts] are to apply an objective standard, informed by the individual facts of the case." *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 78, 866 N.E. 2d 85, 100 (Ill. 2006) (affirming appellate court

judgment that defendant employer was entitled to a preliminary injunction to enforce restrictive covenants.) As the Northern District of Illinois has recognized, a motion to dismiss based upon the alleged unreasonableness of a restrictive covenant is inappropriate because none of the individual facts of the case are before the court.[1] Indeed, Judge Lefkow recently denied the defendants' motion to dismiss based on the unenforceability of a restrictive covenant in *Integrated Genomics, N.D. v. Kyrpides*, No. 06 C 6706, 2008 WL 630605 *7 (N.D. Ill. Mar. 4, 2008), holding:

> Because the court is required, under Illinois substantive law, to consider all of the facts and circumstances surrounding the covenant not to compete in this case, it would be inappropriate to determine its reasonableness on this Rule 12(b)(6) motion to dismiss.

Similarly, the court in *Automed* denied defendants' motion to dismiss holding that the reasonableness of a restrictive covenant "is an inherently fact-based determination that is not appropriate at the motion to dismiss stage." 160 F. Supp. 2d at 923.

Once discovery has been completed, Restaurant.com will present ample evidence to establish that the non-recruitment covenant at issue is reasonably necessary to protect its legitimate business interests and, therefore, enforceable. Accordingly, Savad's motion to dismiss should be denied on this ground as well.

In sum, Savad's motion to dismiss should be denied because his solicitation of Restaurant.com employees – as pled in the Complaint – breaches the express prohibition in his restrictive covenant against "hir[ing], entic[ing] away or in any other manner persuad[ing]" Restaurant.com employees from leaving Restaurant.com's employ. The restrictive covenant at

---

[1] Furthermore, even if Savad's non-recruitment covenant were unreasonable as written (which it is not), it could be reformed by the court so that it is enforceable where, as here, the restrictive covenant contains a clause requiring it to be adjusted or reformed in the event it is adjudged unreasonable. See, Employment Agreement, Section 7(d), *YCA*, 2004 WL 1093385, * 18 (reforming overly broad non-recruitment covenant to prohibit hiring of employees who possess confidential business information).

issue here protects Restaurant.com's legitimate business interests of protecting its confidential information and the stability of its workforce. As such, the covenant is reasonable and enforceable.

Respectfully submitted,

**Restaurant.com, Inc.**

By: s/ Josh Goldberg
One of its attorneys

Martin B. Carroll
Travis B. Wolfinger
Josh Goldberg
Fox, Hefter, Swibel, Levin & Carroll, LLP
200 West Madison, Suite 3000
Chicago, Illinois 60606
Telephone: 312.224.1200
Facsimile: 312.224.1201

Dated: June 19, 2008

# EXHIBIT A

Case 1:08-cv-02978    Document 14    Filed 06/19/2008    Page 11 of 13

**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
ATTORNEYS AT LAW
200 West Madison Street, Suite 3000
CHICAGO, ILLINOIS 60606
Telephone: (312) 224-1200
Facsimile:   (312) 224-1202

TRAVIS B. WOLFINGER
Direct Line: (312) 380-4954

Website: www.fhslc.com
E-Mail:twolfinger@fhslc.com

June 12, 2008

**<u>Via Electronic and First Class Mail</u>**

Steven Cyranoski, Esq.
Michael Best & Freidrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, IL 60606

  Re: *Restaurant.Com, Inc. v. Steve Savad*
     Case No. 08 CV 2978

Dear Steven:

Pursuant to your telephone conversation with my partner Robin Wolkoff this morning, this letter confirms that you have agreed to accept service of summons and complaint in the above matter on behalf of Steve Savad. As a result of this agreement, the portion of Mr. Savad's May 29, 2008 motion to dismiss seeking dismissal for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is moot.

Thank you for your professional courtesy in this matter.

              Sincerely,

              Travis B. Wolfinger

TBW/rr

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that a copy of the foregoing Response in Opposition to Savad's Motion to Dismiss was filed and served electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished pursuant to CM/ECF this 19th day of June, 2008, on:

        Michael S. Stiegel
        Steven E. Cyranoski
        Michael Best & Friedrich LLP
        180 N. Stetson, Suite 2000
        Chicago, Illinois  60601


        **_____s/ Josh Goldburg_____**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RESTAURANT.COM, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2978 |
| | ) | |
| | ) | Hon. Judge Aspen |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| STEVE SAVAD, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF FILING

To: Michael S. Stiegel
Steven E. Cyranoski
Michael Best & Friedrich LLP
180 N. Stetson, Suite 2000
Chicago, Illinois 60601

**PLEASE TAKE NOTICE** that on the 19th day of June, 2008, the undersigned caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Plaintiff Restaurant.com, Inc.'s Response in Opposition to Savad's Motion to Dismiss, a copy of which has been served upon you.

Respectfully submitted,

RESTAURANT.COM, INC.

By:   s/ Josh Goldberg

Martin B. Carroll
Travis B. Wolfinger
Josh Goldberg
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 W. Madison Suite 3000
Chicago, IL 60606
(312) 224-1200

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, hereby certifies that a copy of the foregoing Notice of Filing was filed and served electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished pursuant to CM/ECF this 19th day of June, 2008, on:

    Michael S. Stiegel
    Steven E. Cyranoski
    Michael Best & Friedrich LLP
    180 N. Stetson, Suite 2000
    Chicago, Illinois  60601

          _____s/ Josh Goldburg_____