**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RESTAURANT.COM, INC.,          ) | |
|                                ) | |
|     Plaintiff,    ) | |
|                                ) | Case No. 08 CV 2978 |
|     v.            ) | |
|                                ) | Judge Marvin E. Aspen |
| STEVE SAVAD,                   ) | |
|                                ) | |
|     Defendant.    ) | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Restaurant.com ("RDC") filed a complaint against Defendant Steve Savad ("Savad") alleging that Savad violated the non-solicitation and confidentiality agreements found in his RDC employment contract ("Agreement"). Specifically, RDC alleges Savad violated these agreements, after starting to work with and/or for a direct competitor, by attempting to lure away RDC employees to work for this competitor. (Compl. ¶ 13). Presently before us is Savad's Motion to Dismiss pursuant to Rules 12(b)(5)[1] and 12(b)(6). For the reasons discussed below, we deny the motion.

**BACKGROUND**

As Savad's former employer, RDC requests judgment in its favor against Savad for violations of the Agreement. RDC alleges that Savad was one of the founders of RDC, that Savad served in various high ranking positions with RDC (including Chief Financial Officer, Chief

---

[1] Savad includes arguments under Rule 12(b)(5) for insufficient service of process. (Mot. at 2-3). Counsel for both parties conferred on this issue and Savad's counsel agreed to accept service on Savad's behalf on June 12, 2008. (Resp. at 2; Reply at 10). Thus the question of jurisdiction over Savad with respect to service of process is now moot.

Operating Officer, and Vice Chairman), and that Savad entered into a three-year employment contract with RDC, which included non-solicitation and competition agreements. (Compl. ¶¶ 2-5). RDC claims Savad's employment was ultimately terminated in January 2008, and that Savad breached the non-solicitation provision of the Agreement within one year of termination by attempting to lure RDC employees to work for a competitor. (*Id.* ¶¶ 13-17). RDC requests preliminary and permanent injunctions to prevent Savad from soliciting RDC employees and/or customers for one year from the date of judgment as well as reasonable costs and attorney's fees. (*Id.* ¶ 30). Savad now moves to dismiss the complaint.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964-65; *Killingsworth*, 507 F.3d at 618-19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

*Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

In addition, to the extent that the terms of an attached contract conflict with facts or allegations within a complaint, the contract controls. *Flannery v. Recording Indus. Assoc. of Am.*, 354 F.3d 632, 638 (7th Cir. 2004); *Thompson*, 300 F.3d at 754; *Perkins v. Silverstein*, 939 F.2d 463, 469 n.4 (7th Cir. 1991) (in determining the sufficiency of the complaint, the court may rely on exhibits to the complaint whenever the allegations of the complaint are materially inconsistent with those exhibits). "[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999) (quoting *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992)).

## ANALYSIS[2]

Savad alleges that RDC has failed to state a claim because his conduct did not violate Section 7(c) of the Agreement. Savad also argues that the Agreement's non-recruitment covenant is unenforceable under Illinois law. (Mot. at 5). We address these arguments below.

**A. Applicability of Section 7(c)**

---

[2] As an initial matter, Savad has attached various affidavits and a copy of the Agreement as exhibits to his motion. Thus, we must determine whether to convert it into a motion for summary judgment. *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 731 (7th Cir. 2005) ("If, on a motion asserting defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Neither party requested conversion, nor will we do so *sua sponte*. We will limit our consideration to the facts asserted in the Complaint, along with the legal arguments of the parties made in support of, and in opposition to, the motion. However, pursuant to Rule 10(c), we may consider the Agreement attached to the complaint as part of the pleadings. Fed. R. Civ. P. 10(c); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

Savad argues that mere solicitation of employees is not prohibited by Section 7(c) and that RDC pleads itself out of court by attaching the Agreement to the complaint. (Mot. 3-4). Furthermore, he insists that neither of the RDC employees with whom he spoke was successfully hired away to the competitor. (Resp. at 2). Section 7(c) states:

> <u>Non-Solicitation and Non-Pirating</u>: Executive hereby agrees that, during the Restricted Period,[3] he will not, directly or indirectly, for himself or on behalf of any other person, firm, entity or other enterprise: (I) solicit for purposes of providing products or services that are the same or substantially similar to that provided by the Corporation, or in any way divert or take away any person or entity that, prior to the date in question, was a client, customer, payor, referral source, or facility of the Corporation or any of its affiliates; or (ii) hire, entice away or in any other manner persuade any person who was an employee, consultant, representative or agent of the Corporation or any of its affiliates on or at any time within one (1) year prior to the date in question, to alter, modify or terminate their relationship with the Corporation or any of its affiliates.

(Compl. Ex. A at 6). The parties agree that the interpretation of the Agreement is governed by Illinois law. When construing a contract under Illinois law, courts examine the contract as a whole according to its plain, ordinary, and prevalent meaning. *Bourke v. Dunn & Bradstreet Corp.,* 159 F.3d 1032, 1038 (7th Cir. 1998); *see also Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 979 (N.D. Ill. 2008). "Any ambiguity in the terms of a contract must be resolved against the drafter of the disputed provision." *Bourke*, 159 F.3d at 1038 (quoting *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill.2d 460, 478, 693 N.E.2d 358, 368 (Ill. 1998)). Illinois courts follow the "four corners" rule when interpreting a contract; here, the threshold inquiry is whether the contract is ambiguous. *See Ford v. Dovenmuehle Mortgage Inc.*, 273 Ill. App. 3d 240, 245, 651 N.E.2d 751, 754 (1st Dist. 1995); *see also Hillenbrand v. Meyer Med. Group, S.C.*, 288 Ill. App. 3d 871, 876, 682 N.E.2d 101, 104 (1st Dist. 1997). In Illinois, "[a]n instrument is ambiguous only if the language used is reasonably or

---

[3] The Restricted Period is defined by the Agreement as "the one (1) year period commencing on the date of termination of such employment." (Compl. Ex. A at 5).

4

fairly susceptible to having more than one meaning, but it is not ambiguous if a court can discover its meaning simply through knowledge of those facts which give it meaning as gleaned from the general language of the contract. A contract is not rendered ambiguous simply because the parties do not agree on the meaning of its terms." *Bourke* 159 F.3d at 1038 (quoting *Flora Bank & Trust v. Czyzewski*, 222 Ill. App. 3d 382, 388, 583 N.E.2d 720, 725 (5th Dist. 1991)).

We find that the contract language is unambiguous. Section 7(c)(ii) prohibits not only the hiring away of RDC employers, but also "any other manner [to] persuade" any RDC employee "to alter, modify or terminate their relationship with the Corporation or any of its affiliates." (Compl. Ex. A at 6). RDC alleges that Savad attempted to lure away RDC employers. These allegations are sufficient at this juncture.

**B. Enforceability of Restrictive Covenant**

Savad next argues that the non-recruitment covenant is unenforceable as an unfair restraint on trade. RDC responds that its non-recruitment covenant does not constitute an unfair restraint on trade because it protects a legitimate business interest. In addition, RDC argues that enforceability of a non-recruitment covenant requires a fact analysis inappropriate for a motion to dismiss. (Resp. at 8-9).

In general, Illinois courts are "hostile to covenants not to compete found in employment contracts." *Outsource Int'l Inc. v. Barton*, 192 F.3d 662, 669 (7th Cir. 1999) (Posner, J., dissenting); *YCA, LLC v. Berry*, No. 03 C 3116, 2004 WL 1093385, at *9 (N.D. Ill. May 7, 2004). To be enforceable, "the terms of the agreement [must be] reasonable and necessary to protect the legitimate business interest of the employer." *Outsource*, 192 F.3d at 666 (majority opinion) (quoting *Office Mates 5, North Shore Inc. v. Hazen*, 234 Ill. App. 3d 557, 558, 599 N.E.2d 1072, 1080 (1st Dist.


1992)); *see also Hay Group, Inc. v. Bassick*, No. 02 C 8194, 2005 WL 2420415, at *7 (N.D. Ill. Sept. 29, 2005) (finding non-recruitment covenant unenforceable because no evidence on summary judgment of a connection between "blanket prohibition on soliciting any . . . employee" and plaintiff's legitimate business interest). For example, courts have upheld non-recruitment covenants "to the extent that [they] support[] the employer's legitimate business interest in guarding his confidential information from potential competitors." *YCA, LLC*, 2004 WL 1093385, at *16; *see also Pactiv Corp. v. Menasha Corp.*, 261 F. Supp. 2d 1009, 1014-15 (N.D. Ill. 2003); *But see Unisource Worldwide, Inc. v. Carrara*, 244 F. Supp. 2d 977, 983 (C.D. Ill. 2003).

In this case, the Agreement prohibits Savad from attempting to recruit "*any* person who was an employee, consultant, representative or agent of the Corporation of any of its affiliates" for one year. (Compl. Ex. 1 at 6 (emphasis added)). RDC alleges that Savad violated this provision because he "improperly personally solicited at least two of its employees, Jordan Vazquez and James Carso, both of whom are top flight Regional Sales Managers for the Company and are important for the Company's growth." (Compl. ¶ 14). RDC further alleges that Savad's actions have "robb[ed] it of the substantial time, money and other resources it committed in recruiting and training its employees." (*Id.* ¶ 20).

While the non-recruitment covenant in the Agreement is broad, we decline to rule on its enforceability at this stage of the proceedings. *See Integrated Genomics, Inc. v. Krypides*, No. 06 C 6706, 2008 WL 630605, at *7-8 (N.D. Ill. Mar. 4, 2008) ("Because the court is required, under Illinois substantive law, to consider all of the facts and circumstances surrounding the covenant not to compete in this case, it would be inappropriate to determine reasonableness on a this Rule 12(b)(6) motion."); *see also Automed Tech., Inc. v. Eller*, 160 F. Supp. 2d 915, 923 (N.D. Ill. 2001).

Factual issues remain regarding whether this covenant might be reasonable given the size and nature of RDC's business. *See Integrated Genomics, Inc.*, 2008 WL 630605, at *7-8. In addition, RDC has alleged that Savad's recruitment efforts were aimed at employees in "top flight" positions important to RDC's growth. (Compl. ¶ 14). Although RDC does not specifically state that these employees had access to confidential information, drawing all inferences in RDC's favor, we find the Complaint sufficient to state a claim at this stage of the proceedings.

## CONCLUSION

For the reasons discussed above, we deny Savad's motion. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Date: August 21, 2008